UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>the States of Arkansas, California, )<br>Colorado, Connecticut, Delaware, Florida, )<br>Georgia, Illinois, Indiana, Iowa, Louisiana, )<br>Maryland, the Commonwealth of )<br>Massachusetts, Michigan, Minnesota, )<br>Missouri, Montana, Nevada, )<br>New Jersey, New Mexico, )<br>New York, North Carolina, Oklahoma, )<br>Rhode Island, Tennessee, Texas, Vermont, )<br>the Commonwealth of Virginia, Washington,)<br>and the District of Columbia, )<br>*Ex rel.* AMBER WATT, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　Plaintiffs, )<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>VIRTUOX, INC., )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　Defendant. )<br>_____ ) | Case No. 19-CV-61084-CIV-SCOLA |

**PLAINTIFF/RELATOR AMBER WATT'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS**

Plaintiff/Relator Amber Watt ("Plaintiff"), by and through her undersigned counsel, submits the following Memorandum in Opposition to Defendant's Request for Judicial Notice in Support of its Motion to Dismiss.

**INTRODUCTION**

On May 7, 2021, Defendant filed its Motion to Dismiss the Complaint in the above captioned case. On May 13, 2021, Defendant filed a Request for Judicial Notice in Support of its Motion to Dismiss. Defendant's request seeks to have the Court take Judicial Notice of seven documents, pursuant to Federal Rule of Evidence 201. Defendant fails to identify what facts

contained in those documents it wants the Court to judicially notice.

Plaintiff objects to Defendant's request for several reasons. First, FRE 201 applies to the judicial notice of **adjudicative facts**, and none of the documents can be considered adjudicative facts. Second, two of the documents specifically set forth disclaimers that they are not to be relied upon by any party in any matter civil or criminal, are not final agency actions, and are not binding on federal courts.

FRE Rule 201(a) addresses the Scope of the rule, and states that: "This rule governs judicial notice of an adjudicative **fact** only, not a legislative fact." (emphasis added). Rule 201(b) addresses the kinds of facts that may be judicially noticed. It states that "The court may judicially notice a **fact** that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (emphasis added). What is missing from Defendant's request, is what **facts** it is asking the court to judicially notice. Defendant has simply put forth seven documents and asked the court to take judicial notice of the whole document. That is not the type of adjudicative facts that FRE Rule 201 addresses. Additionally, Defendant relies on the position that simply because the documents are public records, that they should therefore be judicially noticed. Simply because one can locate a document on a government website does not automatically make it an adjudicative fact, appropriate for judicial notice in every case filed.

## LEGAL ARGUMENT

### 1. The Court Should Not Take Judicial Notice of the Documents at Issue As They Have no Specific Relation to the Parties or Claims in The Case at Hand, and the Defendant Has Not Identified What Facts it Wants the Court to Judicially Notice.

Defendant's Request cites to the 11th Circuit U.S. Court of Appeal's decision in *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197 (11th Cir. 2004). At issue was the

district court taking judicial notice "of the fact that color indicates flavor of ice cream." *Id.* at 1204. The district court considered the **fact** that color indicates flavor of ice cream, and determined that this was not seriously open to dispute, and was established as true without the normal requirement of proof by evidence. *Id.* (emphasis added).

However, the Appellate court went on to caution against the misuse of the judicial notice process.

> While a court has wide discretion to take judicial notice of **facts**, the "taking of judicial notice of **facts** is, as a matter of evidence law, a highly limited process." "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.

*Id.* at 1204 – 1205. (Internal citations omitted) (emphasis added).  Defendant's failure to even identify what adjudicative facts it seeks to have judicially noticed, bypasses these evidentiary safeguards.

The Defendant's request relies on *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010), for the position that a court may take judicial notice of public records. Defendant further relies on *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1299 n. 14 (S.D. Fla. 2014) (citing *Halmos v. Bomardier Aerospace Corp.*, 404 Fed.App. 376, (11th Cir. 2010)), for the position that publications, letters and memoranda published by governmental agencies are matters of the public record.  In those cases, the court was taking judicial notice of certain facts contained in those records.  The documents in the above-cited cases were specific to the parties and/or claims asserted in the action.  However, Defendant in the case at hand, requests the court take judicial notice of documents that have no specific application to the parties or claims in Plaintiff's case.

3

In *Horne*, the plaintiff, an African-American woman, had filed a second claim of discrimination. The defendant moved to dismiss based on res judicata. The district court took judicial notice of documents from plaintiff's prior case to establish that the prior case arose out of the same nucleus of operative fact as the plaintiff's second action. *Horne*, at 802 – 803. The district court took judicial notice of these documents, which were specific to the plaintiff's case, as they were public records that were not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned. *Id*. at 802. The judicially noticed documents contained **adjudicative facts** specific to the plaintiff's claims, that the judge could rely upon to consider defendant's motion to dismiss, based on a defense of res judicata. Defendant in the case at hand simply puts forth documents it calls public records because they can be pulled from government websites, that apply broadly across the medical industry, and concludes that they should be judicially noticed. Not one of the documents set forth by the Defendant is specific to any party in this case. Defendant seems to take the position that it is appropriate for a court to take judicial notice in every case, of any document that can be found on a government website. That is not what the cases Defendant cites would support.

*Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1299 n. 14 (S.D. Fla. 2014), involved a 42 U.S.C.A. §1983, excessive force case. In *Pozdol*, at issue for purposes of the defendant's motion to dismiss was whether the Plaintiff could establish a causal connection between the constitutional deprivation at issue, and the supervising defendant. *Id.* at 1298. Such a causal connection may be established by a history of widespread abuse, which puts the supervising defendant on notice. *Id.* at 1299. The court was asked to take judicial notice of a letter from the Department of Justice, detailing the history of widespread abuse by the City of Miami Police Department. *Id.* at 1299.

The adjudicative fact the court was taking judicial notice of, was the three year history of excessive force by police officers in Miami, for the three years leading up to the shooting death of Drew Pozdol, by a Miami police officer. *Id.* at 1299. These adjudicative facts were specifically applicable to that case, and were directly applicable to the district court judge's decision as to whether the supervising defendant had notice of such excessive use of force by the Miami police department. These adjudicative facts were directly applicable to the district court judge's evaluation of the defendants' motions to dismiss. Again, this is distinguishable from the non-specific documents Defendant submits in its Request for Judicial Notice.

*Halmos v. Bomardier Aerospace Corp.*, 404 Fed.App. 376, (11th Cir. 2010), involved a claim for malicious prosecution. "The district court relied upon undisputed facts of public record, including the undisputed fact that Halmos did not file a motion to dismiss during the four-year Texas lawsuit, that he filed individual counterclaims in his name in the Texas lawsuit, and that one would not know the proper defendant to sue as there was no entity called "PAH Corporation" in existence in Florida at the time the Texas lawsuit was filed." *Halmos* at 377. These are **adjudicative facts** that were established by the public record. They were specific as to the Plaintiff, and were directly applicable to whether the Plaintiff had sufficiently pled a malicious prosecution case. This is entirely different from the documents set forth in Defendant's Request in the case at hand, which are non-specific to the parties or the claims in this matter.

The Defendant has not met the requirements of FRE Rule 201. Defendant has not set forth adjudicative facts, of which it requests that the court take judicial notice. Defendant sets forth seven documents, without identifying what adjudicative facts are to be judicially noticed. Further, as discussed above, these documents are in no way specific to any party or claim in this action, and are not appropriate to be judicially noticed pursuant to FRE Rule 201.

5

## 2. The Court Should Not Take Judicial Notice of Two of The Documents at Issue As By Their Own Self Stated Limitations They Are Not Appropriate For Judicial Notice

Two of the seven documents that Defendant sets forth to be judicially noticed, by their own terms are not appropriate for such treatment.

Defendant identifies "DOJ Memorandum: Limiting Use of Agency Guidance Documents in Affirmative Civil Enforcement Cases", as a document to be judicially noticed. As discussed above, this document is in no way specific to the parties, or claims at issue in Plaintiff's Complaint. Further, this document does not mention the Independent Diagnostic Testing Facility industry which is at issue in the present case. What the document does specifically state is that:

> This memorandum is an internal Department of Justice policy directed at Department components and employees. Accordingly, it is not intended to, does not, and may not be relied upon to, create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.

Accordingly, the Defendant is requesting that this court create an adjudicative fact out an internal memorandum, that specifically limits its use by any party in any matter civil or criminal.

Defendant identifies "Advisory Opinion 20-05 on Implementing *Allina*" as a document to be judicially noticed. This document is also not specific to the parties, or claims at issue, in Plaintiff's Complaint. This document also does not mention the Independent Diagnostic Testing Facility industry. What it does specifically state is that:

> This advisory opinion sets forth the current view of the Office of the General Counsel. It is not a final agency action or a final order. Nor does it bind HHS or the federal courts. It does not have the force or effect of law.

The Defendant is requesting that this court create an adjudicative fact out an advisory opinion that specifically states it is not a final order, and that it does not bind federal courts. By its own self-

6

stated limitations, it would be inappropriate for this document to be judicially noticed.

### 3. The Ninth Circuit Court of Appeals' Analysis of the Overuse and Improper Application of Judicial Notice

In *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), the court addressed the "overuse and improper application of judicial notice", and sought to clarify when it is proper to take judicial notice of facts in documents and when it is not. *Id.* at 998 - 999. The court stated:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

*Id.* at 999. The court in *Khoja* was considering the dismissal by the district court of an action under the Securities Exchange Act of 1934. The court concluded that the district court abused its discretion by improperly considering materials outside the Complaint.

The district court took judicial notice of three exhibits, all of which were **public records**. The first document was an investor call transcript submitted to the SEC. The appellate court stated that despite this being a source whose accuracy cannot be questioned, that accuracy is only part of the inquiry under Rule 201(b). *Id*. at 999. The appellate court determined that a court must also consider-and identify-which fact or facts it is noticing from such a transcript. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. Further that "[h]ere, the district court did not clearly specify what fact or facts it judicially noticed from this transcript." *Id.* As such, the appellate court concluded that this document should not have been judicially noticed.

7

This is directly applicable to the matter at hand. The Defendant has not specified what adjudicative facts it asks the court to judicially notice. Defendant simply submits seven documents that contain a multitude of facts, legal arguments, and positions, and requests that they be judicially noticed. The Defendant is improperly attempting to use extrinsic documents to undermine the Complaint.

The second document that the *Khoja* court ultimately concluded should not have been judicially noticed, was a 2014 EMA report. The appellate court again acknowledged that an agency report is generally susceptible to judicial notice, but then stated that "ascertaining this factor is only part of the inquiry under Rule 201(b)". *Id*. at 1000. The appellate court concluded that since there is a **reasonable dispute** as to what the report establishes, the district court abused its discretion in taking judicial notice of the 2014 EMA Report. *Id*. at 1001.

This is also directly applicable to the case at hand. The documents submitted by Defendant touch on multiple legal arguments and issues, and are subject to reasonable dispute as to what they establish. This makes them inappropriate for judicial notice.

The third document that the district court had judicially noticed in *Khoja*, was a World International Property Organization patent application. The appellate court determined that this was appropriate as the "district court noticed only the filing date of the WIPO application." *Id*. at 1001. This is a clear adjudicative fact that was specific to the parties involved in the action, and contained in a public record that was "verifiable with certainty, and of the same type as other governmental documents which courts have judicially noticed." *Id*. This is clearly distinguishable from the documents that Defendant is requesting the Court to judicially notice.

In the case at hand, there are three documents submitted by Defendant: (1) DOJ Memorandum: Limiting Use of Agency Guidance Documents in Affirmative Civil Enforcement

Cases; (2) DOJ, Justice Manual, Title 1-20.100; and (3) Advisory Opinion 20-05 on Implementing *Allina*, all of which discuss the issue of the use of government guidance documents in civil enforcement cases. These memoranda and advisory opinions touch on multiple arguments and issues, and are subject to reasonable dispute as to what they establish. The documents do not set forth facts specific to the parties and/or claims in this action, of which this court could take judicial notice. As the Defendant has failed to point to any fact set forth in these documents, in its request for judicial notice, and as these documents are subject to reasonable dispute as to what they establish, they should not be judicially noticed.

Defendant is undertaking the same piling on of numerous documents to their motion to dismiss to undermine the complaint that is warned about by the *Khoja* court. For the above reasons, the court should not take judicial notice of these documents, and should deny Defendant's request.

**4. The Defendant has converted its Motion to Dismiss to a Motion for Summary Judgment by relying on matters outside of the pleadings that are not appropriate For judicial notice**

By submitting these seven documents in support of its motion to dismiss, that are not appropriate for judicial notice, Defendant is relying on matters outside of the pleadings. As such, pursuant to F.R.C.P. Rule 12(d), the Defendant's motion to dismiss should be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. Pro. Rule 12(d).

45576086 v1

## CONCLUSION

Based on the above, the Plaintiff respectfully requests that the Court deny Defendant's Request for Judicial Notice.

Dated: May 21, 2021

Respectfully submitted,

Laurence S. Litow (FL Bar No.: 0328758)
Andrew G. Melling (*admitted pro hac vice*)
Burr & Forman, LLP
Las Olas Centre II
350 East Las Olas Blvd., Suite 1440
Ft. Lauderdale, FL 33301
954-414-6200
954-414-6201 (Fax)
lslitow@burr.com

s/*Laurence S. Litow*
Laurence S. Litow
Attorneys for Relator, Amber Watt

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and served via CM/ECF on all counsel of record this 21st day of May, 2021.

s/*Laurence S. Litow*
Laurence S. Litow

45576086 v1