# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> the States of Arkansas, California, ) <br> Colorado, Connecticut, Delaware, ) <br> Florida, Georgia, Illinois, Indiana, ) <br> Iowa, Louisiana, Maryland, ) <br> the Commonwealth of Massachusetts, ) <br> Michigan, Minnesota, Missouri, ) <br> Montana, Nevada, New Jersey, ) <br> New Mexico, New York, North Carolina, ) <br> Oklahoma, Rhode Island, Tennessee, Texas, ) <br> Vermont, the Commonwealth of Virginia, ) <br> Washington, and the District of Columbia, ) <br> *ex rel.* AMBER WATT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIRTUOX, INC. ) <br> Defendant. ) | Case No.: 19-CV-61084 <br><br> Judge: Hon. Robert N. Scola, Jr. |

## VIRTUOX, INC.'s REPLY
## TO RELATOR'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

**K&L GATES LLP**

Mallory M. Cooney
John H. Lawrence, *pro hac vice*
Mark A. Rush, *pro hac vice*
Joshua I. Skora, *pro hac vice*
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
T: (305) 539-3300
F: (305) 358-7095
mallory.cooney@klgates.com
john.lawrence@klgates.com
mark.rush@klgates.com
joshua.skora@klgates.com

*Attorneys for VirtuOx, Inc.*

504767698.4

Defendant VirtuOx, Inc. ("VirtuOx"), by and through its undersigned counsel, submits the following Reply in Support of its Request for Judicial Notice. As set forth in detail below, Relator's opposition entirely misses the mark, as VirtuOx's Request for Judicial Notice ("Request") involves seven (7) publicly available records published by core federal governmental agencies ("Requested Documents")—namely, the U.S. Department of Health and Human Services ("HHS"), the Centers for Medicare & Medicaid Services ("CMS"), and the U.S. Department of Justice ("DOJ"). Relator's Opposition to the Request entirely fails to address the public nature of these documents, case law from the Eleventh Circuit and the District Court for the Southern District of Florida supporting judicial notice of these records, and the central relevance of these records in determining whether or not Relator can legally establish her claims in this matter—which she cannot. As the records that VirtuOx seeks to judicially notice are the type the accuracy of which cannot be reasonably questioned and are directly relevant to the myriad of claims Relator has raised against VirtuOx, the records should be judicially noticed by this Court.

## ARGUMENT

**I. The Documents For Which VirtuOx Requested Judicial Notice Fall Squarely Within The Types of Adjudicative Facts Contemplated by Fed. R. Evid. 201**

Relator's attempt to paint the Requested Documents as those for which judicial notice is unavailable entirely lacks support. Indeed, the Requested Documents are "right down the middle" in terms of the type of documents that the Eleventh Circuit and this Court have recognized as being appropriate for judicial notice.

**A. The Court May Judicially Notice the Requested Documents Without Identification of Particular Facts to Be Noticed**

Relator's unsupported arguments regarding specific facts to be noticed misstate the Eleventh Circuit's approach to judicial notice of government documents. Instead, this Court may judicially notice the Requested Documents without the identification of specific facts within those documents.

According to this Court and its own case law, under Federal Rule of Evidence 201, "the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-CV-23357-UU, 2019 WL 7945226, at *3 (S.D. Fla. Mar. 4, 2019) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015)); *see also Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-

21296-Civ-Scola, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017) (noting the lack of a reasonable or understandable objection to a court taking "judicial notice of information publically available from an official government website").

Relator does not cite to any authority from the Eleventh Circuit or the Southern District of Florida that requires a party to specify the exact facts to be noticed when a government document is submitted to the court for judicial notice.[1] Instead, there exists a myriad of cases in the Eleventh Circuit and the Southern District of Florida where courts took judicial notice of such documents *without* identifying the particular facts to be noticed within those documents.[2] *See, e.g.*, *Nationwide Van Lines, Inc. v. Transworld Movers Inc.*, No. 20-13101, 2021 WL 1663539, at *2 (11th Cir. Apr. 28, 2021) ("Taking judicial notice of a public record from the registry of the United States Patent and Trademark Office [USPTO] 'did not transform [the] motion to dismiss into a motion for summary judgment.'") (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006) (affirming judicial notice of documents filed with the Securities and Exchange Commission))); *7020 Ent., LLC v. Miami-Dade Cnty.*, No. 20-25138-Civ-Scola, 2021 WL 516282, at *1 n.1 (S.D. Fla. Feb. 11, 2021) (taking "judicial notice of the state and county emergency and executive orders available from official government websites" and "further find[ing] that many of these documents are indisputably authentic"), *appeal filed 7020 Ent., LLC v. Miami-Dade Cnty*, No. 21-10712 (11th Cir. Mar. 4, 2021); *Pyure Brands, LLC*, 2019 WL 7945226, at *3 (granting motion for judicial notice of screenshots of the USPTO website); *Dixon v. Allergan USA, Inc.*, No. 14-61091-CIV, 2015 WL 13777064, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of FDA documentation concerning pre-market approval of a medical device readily accessible on the FDA's website).

Therefore, this Court may judicially notice that the Requested Documents exist and "the contents say what they say," without VirtuOx identifying particular facts within the Requested Documents for judicial notice. *See In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1129 (S.D. Fla. 2019) (declining to judicially notice the disputed contents of a plea agreement, yet judicially noticing the fact that a defendant "entered into a court-approved criminal plea agreement

---

[1] Rather, Relator dedicates three (3) pages of her opposition brief discussing a *Ninth Circuit* case that has not been adopted by any court in the Eleventh Circuit. Nor does Relator's red herring dissection of the cases cited in VirtuOx's Request support her positions.

[2] Several of these opinions were issued after the Ninth Circuit's ruling in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).

*and that the contents say what they say*" (emphasis added)); *see also id.* at 1122 n.3 (taking judicial notice of the fact that certain petitions were filed with the National Highway Traffic Administration ("NHTSA") "*and that the contents say what they say*" without noticing the contents for their truth (emphasis added)).

### B. The Requested Documents Are Relevant to Determination of Relator's Claims

The Requested Documents are also proper for judicial notice because they are relevant to determination of Relator's claims, contrary to Relator's incorrect arguments that the Requested Documents "are in no way specific to any party or claim in this action." ECF No. 71, at 4.[3]

"Adjudicative facts are facts that are *relevant* to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (emphasis added). Indeed, the Requested Documents are not simply relevant here—they directly bear on whether VirtuOx could have violated the False Claims Act ("FCA"). Put differently, the Requested Documents are sub-regulatory and other guidance directly applicable to whether Relator articulated cognizable claims in her Complaint, satisfied the standards set forth in Federal Rules of Civil Procedure 8(a) and 12(b)(6), and should have her claims dismissed.

For example, Exhibit A to the Request is CMS Pub. 100-20, Transmittal 173 (Aug. 16, 2005) ("Transmittal 173"), the sole sub-regulatory guidance that exists regarding pulse oximetry testing and billing and, as explained in VirtuOx's Motion to Dismiss, the replacement to CMS Pub. 100-20, Transmittal 166 (July 22, 2005) ("Transmittal 166").[4] There is simply no basis not to notice Transmittal 173—the sub-regulatory guidance actually in force and effect—when Relator appended the substantively identical, yet outdated, Transmittal 166.[5] *Cf. 7020 Ent., LLC*, 2021 WL 516282, at *1 n.1 (taking judicial notice of state and county emergency and executive orders available from official government websites and finding that many were "relied upon by the Plaintiffs in their complaint as they are earlier versions of government documents discussed throughout the Plaintiffs' pleading" (citation omitted)); *Padilla v. Porsche Cars N. America, Inc.*, 391 F.Supp.3d 1108, 1115 n.2 (S.D. Fla. 2019) (taking judicial notice of a public disclosure to the NHTSA, in part, because "Plaintiffs explicitly rel[ied] on the [disclosure] in support of their

---

[3] Further, Relator offers no case law support for her contention that the documents must be "specific" to the parties.
[4] Transmittal 166 is appended as Exhibit 2 to Relator's Complaint. *See* ECF No. 62, Ex. A, at 1.
[5] Transmittal 173 replaced Transmittal 166 less than one month after Transmittal 166's issuance. ECF No. 62, Ex. A, at 1. Transmittal 173 revised the guidance's implementation date but "[a]ll other information remain[ed] the same." *Id.*

3

claims. Therefore, for this additional reason, the Court finds it appropriate to consider the [disclosure] at this motion to dismiss stage." (citations omitted)).

Transmittal 173, together with the CMS publications appended as Exhibits E, F, and G, bear directly on VirtuOx's legal inability to violate the FCA in that the Requested Documents do not contain any prohibitions against the locality from which VirtuOx bills. As such, these government documents significantly affect Relator's ability to plausibly state a claim that VirtuOx violated the FCA. Moreover, Exhibits B, C, and D are prosecutorial guidance documents and an HHS advisory opinion, the contents of which, again, bear directly on VirtuOx's inability to violate the FCA as a matter of law.

As these documents are relevant to the determination of Relator's ability to legally establish her claims, they are proper for judicial notice.[6]

## II. This Court May Take Judicial Notice of DOJ and HHS Documents, Regardless of Their Disclaimers

While Relator may dispute the interpretation of Exhibits B and D as applied to her Complaint, she cannot dispute the existence of the documents, their authenticity, or their contents. *See 7020 Ent., LLC*, 2021 WL 516282, at *1 (finding many state and county emergency and executive orders available from official government websites "indisputably authentic"); *Dixon*, 2015 WL 13777064, at *2 (finding government agency's website was a "source that cannot reasonably be questioned"). Therefore, regardless of the disclaimer contained in the documents, the Court may judicially notice that Exhibits B and D exist and that "the contents say what they say." *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d at 1129. It is for the Court to determine the legal import and application of these documents to VirtuOx's Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, VirtuOx respectfully requests that the Court grant its Request for Judicial Notice in Support of its Motion to Dismiss.

---

[6] If this Court chooses not to judicially notice the requested documents as adjudicative facts, it may still judicially notice them as legislative facts. *See Linan v. Carnival Corp.*, No. 09-22849-CV, 2010 WL 1956801, at *2 (S.D. Fla. Apr. 22, 2010), *report and recommendation adopted*, No. 09-22849-CIV, 2010 WL 1956805 (S.D. Fla. May 14, 2010).

4

Dated this 27th day of May, 2021.

*/s/ Mallory M. Cooney*
Mallory M. Cooney
**K&L GATES LLP**
Mallory M. Cooney
John H. Lawrence, *admitted pro hac vice*
Mark A. Rush, *admitted pro hac vice*
Joshua I. Skora, *admitted pro hac vice*
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131-2399
T: (305) 539-3300
F: (305) 358-7095
mallory.cooney@klgates.com
john.lawrence@klgates.com
mark.rush@klgates.com
joshua.skora@klgates.com

*Attorneys for VirtuOx, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on May 27, 2021, the foregoing Reply to Relator's Opposition to Request for Judicial Notice was filed via ECF filing, which will serve all counsel of record in the above-referenced matter.

*/s/ Mallory M. Cooney*
Mallory M. Cooney
