# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the States of Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Louisiana, Maryland, the Commonwealth of Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, the Commonwealth of Virginia, Washington, and the District of Columbia, *Ex rel.* AMBER WATT, <br><br>　　　　Relator,<br><br>v.<br><br>VIRTUOX, INC.<br><br>　　　　Defendant. | Case No.: 19-CV-61084 <br><br> Judge: Hon. Robert N. Scola, Jr. |

## JOINT MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF PENDING MOTION TO DISMISS

Plaintiff/Relator Amber Watt ("Relator") and Defendant VirtuOx, Inc. ("VirtuOx"), by and through undersigned counsel and pursuant to Rules 26(c) and 26(d) of the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 7.1, hereby respectfully jointly move for a stay of discovery pending resolution of VirtuOx's Motion to Dismiss Relator's First Amended Complaint and Incorporated Memorandum of Law ("Motion to Dismiss"). ECF No. 53. In support of this Motion, the parties state the following:

### INTRODUCTION

Good cause exists to stay discovery pending resolution of the Motion to Dismiss.

Specifically, the Court's decision on VirtuOx's pending Motion to Dismiss may dispose of the case entirely or otherwise significantly narrow the claims allowed. Either event would have a significant impact on the permissible scope of discovery. Relator also will not suffer prejudice from the temporary stay and seeks this relief jointly with the understanding that a stay of discovery will save all parties and this Court the unnecessary and burdensome cost and inconvenience associated with discovery on claims that are subject to dismissal.

## BRIEF FACTUAL AND PROCEDURAL HISTORY

1. Relator filed her original, sealed complaint on April 29, 2019, ECF No. 1, and the First Amended Complaint ("Complaint") on January 14, 2020. ECF No. 41. The Complaint raises a series of allegations that certain of VirtuOx's business practices violate the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, and its state counterparts.

2. On February 8, 2021, this Court unsealed the Complaint and ordered Relator to serve it on VirtuOx. ECF No. 50. Thereafter, Relator served VirtuOx on May 7, 2021, and VirtuOx filed its Motion to Dismiss on the same day. ECF No. 53.

3. Relator filed her Response in Opposition to Defendant's Motion to Dismiss on June 4, 2021. ECF No. 74. VirtuOx filed its Reply to Relator's Response in Opposition to Motion to Dismiss on June 10, 2021. ECF No. 76. Accordingly, briefing has closed, and the Motion to Dismiss is ripe for decision.

## MEMORANDUM OF LAW

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And, district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011). Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Powell*

*v. Wal-Mart Stores, Inc.*, 9:19-CV-81011 (S.D. Fla. July 12, 2019) (Scola, J.) (quoting *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010) and citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted)).  Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (stating that, provided a stay will expire within reasonable limits, it is not immoderate).  In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").  The Motion to Dismiss is a dispositive motion.  A favorable ruling on the Motion to Dismiss will dispose of all or some of the claims asserted against VirtuOx.  This brief stay of general discovery also will not cause any prejudice to Relator, who will be afforded sufficient opportunity to conduct discovery if any of her claims advance in this Court.

**WHEREFORE,** because briefing is complete on the pending Motion to Dismiss, no discovery is necessary to resolve the Motion to Dismiss, and the burdensome costs of time and discovery could be avoided if the Court's ruling disposes of the entire case or significant portions thereof, the parties respectfully request that the Court grant this Motion and enter an order staying

all discovery in this case pending the Court's ruling on VirtuOx's Motion to Dismiss, and permitting the parties to file an amended joint discovery plan and conference report, if the Court denies any aspect of the Motion to Dismiss, so that time to engage in discovery in this case will not be shortened by the length of the stay.

Dated this 15th day of June, 2021.                               Respectfully submitted,

| | |
|---|---|
| s/*Laurence S. Litow*<br>Laurence S. Litow<br>Florida Bar No.: 0328758<br>Andrew G. Melling<br>*Admitted pro hac vice*<br>Burr & Forman, LLP<br>Las Olas Centre II<br>350 East Las Olas Blvd., Suite 1440<br>Ft. Lauderdale, FL 33301<br>954-414-6200<br>954-414-6201 (Fax)<br>lslitow@burr.com<br>amelling@burr.com<br><br>*Attorneys for Relator, Amber Watt* | */s/ Mallory Cooney*<br>Mallory Cooney<br>Florida Bar No. 125659<br>**K&L GATES LLP**<br>Southeast Financial Center, Suite 3900<br>200 South Biscayne Boulevard<br>Miami, FL 33131-2399<br>T: (305) 539-3300<br>F: (305) 358-7095<br>Email:  mallory.cooney@klgates.com<br><br>John H. Lawrence<br>**K&L Gates, LLP**<br>430 Davis Drive, Suite 400<br>Research Triangle Park, NC 27560<br>Telephone:  (919) 466-1190<br>Email:  john.lawrence@klgates.com<br>*Admitted Pro Hac Vice*<br><br>Joshua I. Skora<br>**K&L Gates, LLP**<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Telephone:  (214) 939-5500<br>Email: joshua.skora@klgates.com<br>*Admitted Pro Hac Vice*<br><br>Mark A. Rush<br>**K&L Gates, LLP**<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br>Telephone:  (412) 355-6500<br>Email: mark.rush@klgates.com<br>*Admitted Pro Hac Vice*<br><br>*Attorneys for VirtuOx, Inc.* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and served via CM/ECF on all counsel of record this 15th day of June 2021.

*/s/ Mallory Cooney*
Mallory Cooney