UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61084-SCOLA/TORRES

UNITED STATES OF AMERICA,
the States of Arkansas, California.
Colorado, Connecticut, Delaware, Florida,
Georgia, Illinois, Indiana, Iowa, Louisiana,
Maryland, the Commonwealth of
Massachusetts, Michigan, Minnesota,
Missouri, Montana, Nevada, New
Hampshire, New Jersey, New Mexico,
New York, North Carolina, Oklahoma,
Rhode Island, Tennessee, Texas, Vermont,
the Commonwealth of Virginia,
Washington, and the District of Columbia,
*ex rel*. AMBER WATT,

    Plaintiffs,

v.

VIRTUOX, INC.,

    Defendant.
_____/

**UNITED STATES OF AMERICA'S REPLY
IN SUPPORT OF ITS MOTION FOR CLARIFICATION**

The United States of America (the "Government") submits this reply in support of its motion to clarify that this Court's dismissal of Relator's complaint pursuant to Rule 12(b)(6) was made without prejudice to the rights of the United States ("Motion") (ECF 84).[1] In further support of this Motion, the United States of America states as follows:

---

[1] Relator's Notice of Appeal (ECF 82) does not divest this Court of jurisdiction to rule on the United States' Motion for Clarification (ECF 84), filed under Federal Rule of Civil Procedure 60, that dismissal of this case is without prejudice to the United States. Under the Federal Rules of Appellate Procedure, a notice of appeal is not effective until the district court enters an order disposing of a timely-filed motion for relief under Rule 60. Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, this Court retains jurisdiction to rule on the United States' Motion for Clarification.

1

I.   **The Use of the Phrase "On the Merits" Does Not Establish That the Court's Order Addressed the Underlying Merits of the Claims**

VirtuOx, Inc.'s Opposition to the United States of America's Motion for Clarification ("Response") (ECF 90) heavily relies on the use of the phrase "on the merits" in the Court's Order dismissing the Relator's Amended Complaint. There is no dispute that the Court's Order was on the merits and with prejudice to the Relator. The only issue to be clarified is whether the Court intended its Order to extend to the Government, or whether the Order was made without prejudice to the United States. As explained in its Motion (ECF 84), the United States believes the Order was made without prejudice because courts have declined to extend a dismissal with prejudice of a relator's complaint to the government in a non-intervened False Claims Act (FCA) case when the underlying merits of the claims have not been addressed. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 455-56 (5th Cir. 2005); *USA v. Health Mgmt. Assocs. Inc.*, No. 2:11-CV-89-FTM-29DNF, 2014 WL 12616929, at *1 (M.D. Fla. June 10, 2014); *United States v. KForce Gov't Sols., Inc.*, No. 8:13-cv-1517-T-36TBM, 2014 WL 5823460, at *6 n.2, *9 (M.D. Fla. Nov. 10, 2014); *United States ex rel. Boros v. Health Mgmt. Assocs.*, No. 4:10-cv-10013-KMM, 2013 WL 12077816, at *1-2 (S.D. Fla. July 26, 2013).[^1]

In its Response, VirtuOx concedes that "when the relator's case loses on a motion to dismiss, the Government should not be bound if the dismissal is for reasons not tied to the underlying legal merit." Response (ECF 90), p. 9 (citing to *United States ex rel. Vaughn v. United Biologics, LLC*, 907 F.3d 187, 194 (5th Cir. 2018)). However, VirtuOx attempts to distinguish *Vaughn* and the cases cited above by making the leap that because the Court stated its Order was

[^1]: *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005); *Garcon v. Un. Mut. of Omaha Ins. Co.*, No. 1:17-CV-3203, 2018 WL 10690746, at *2 (N.D. Ga. June 27, 2018); *Cf. United States v. Quinoces*, 503 F. App'x 800 (11th Cir. 2013) (interpreting Federal Rule of Appellate Procedure 4 in the criminal context).

"on the merits," that the Court has addressed the underlying legal merits of the allegations. This is not so.[2]

In attempting to portray the Court's Order as addressing the underlying legal merits of the claims, VirtuOx mischaracterizes the Court's findings. For example, VirtuOx states that "the Court concluded there was no legal basis to impose liability for ordering 'spot checks' in connection with overnight pulse oximetry services—a holding that reaches the merits of Relator's underlying claims, not solely the specificity of her allegations." Response (ECF 90), at 12-13. However, the Court actually concluded that the Relator "fail[ed] to provide facts or legal authority supporting her" claim. Order (ECF 82), at 14 (emphasis added). Likewise, the Court did not "expressly conclude[] that identifying San Fransisco as VirtuOx's billing locality did not constitute a violation of the FCA" as VirtuOx claims. Response (ECF 90), at 12. Rather, the Court held that such claims "should be dismissed because Watt failed to properly allege either legal or factual falsity." Order (ECF 82), at 8 (emphasis added). Nor did the Court hold that "there was no legal basis" for the Relator's conclusion that VirtuOx's off-label marketing and sales of the VPOD CapOX device violated the FCA. Response (ECF 90), at 13. Rather, the Court stated "she provides no legal basis for her conclusion." Order (ECF 82), at 14. These findings go directly to the sufficiency of the pleading, not the underlying merits of the claims.[3]

---

[2] Although VirtuOx relies on *Vaughn* in its Response, the *Vaughn* decision considered the unique statutory structure and position of the government in FCA litigation and discussed the various reasons why it would be inappropriate to extend a court's dismissal with prejudice of the relator's claims to the government.

[3] In addition, VirtuOx inserted the word "legal" into to the phrase "on the merits" throughout its Response (so it reads "on the legal merits" in VirtuOx's Response rather than "on the merits" as actually stated in the Court's Order). VirtuOx also referenced arguments it made in its Motion to Dismiss that the Court did not address in its Order, like the applicability of CMS's "'courier model' guidance, as articulated in Transmittal 173." Response (ECF 90), at 14.

VirtuOx's argument misses the mark because it is possible for a decision on the merits to not address the underlying legal merits of the claims. A decision on the merits is a term of art rather than an indication that a court has resolved a controversy on its merits. *See Johnson v. Williams*, 568 U.S. 289, 308 (2013). The legal term of art 'on the merits' refers to "a determination that there exist or do not exist grounds entitling a petitioner to relief under his claim, as contrasted with a denial for such reason as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. (citing *Gonzalez v. Crosby,* 545 U.S. 524, 532, n. 4 (2005) (internal quotations omitted)). "An adjudication on the merits is best understood by stating what it is not: it is not a resolution of a claim on procedural grounds." *Id*. (citing *Muth v. Frank,* 412 F.3d 808, 815 (7th Cir. 2005) (internal quotations omitted)).

Stated otherwise, just because a judgment on the merits exists, this does not mean that the underlying merits of the case have been addressed. *See United States ex rel. Rostholder v. Omnicare, Inc.*, No. CCB-07-1283, 2012 WL 3399789, at *15 (D. Md. Aug. 14, 2012) ("A rule 12(b)(6) motion tests the sufficiency of a complaint and does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.") (internal quotations and citations omitted); *see also State ex rel. Balderas v. Bristol-Myers Squibb Co.*, No. 2019-NMCA-016, 436 P.3d 724 (stating that "a dismissal for failure to state a claim does not involve a judicial determination of the actual merits").

As one court explained, a dismissal with prejudice is an adjudication on the merits only to the extent that when a claim has been dismissed with prejudice, the final judgment on the merits element of claim preclusion will be presumed so as to bar a subsequent suit. *Kirby v. Guardian Life Ins. Co. of Am.*, No. 2010-NMSC-014, ¶ 66, 148 N.M. 106, 125, 231 P.3d 87, 106. If it were otherwise, plaintiffs could simply ignore dismissals and file the same claim as many times as they

wished, so long as the claim never progressed to a determination on the substantive issues. *Id*. Thus, the intent behind considering a Rule 12(b)(6) dismissal as "on the merits" is practical: to limit repetitive filings. *Id*. Such a dismissal obviously does not involve a judicial determination of the actual merits. *Id*. Thus, while the Court's Order was with prejudice and "on the merits," it did not address the underlying legal merits of the claims at issue.

>    II.    **Whether the Court's 12(b)(6) Dismissal Was Based on Rule 8, Rule 9(b), or both Is Immaterial**

VirtuOx also attempts to distinguish the cases relied upon by the Government by asserting that, to the extent those cases were dismissed solely on Rule 9(b) grounds, they are inapplicable because such dismissals were not on the merits. This is incorrect. A Rule 12(b)(6) dismissal is presumptively on the merits. *Davis v. Davis*, 551 F. App'x 991, 994 (11th Cir. 2014). This principle is equally applicable to a 12(b)(6) dismissal with prejudice based on Rule 9(b). *See, e.g., United States ex rel Gage v. Rolls-Royce N. Am., Inc.*, 760 F. App'x 314, 318 (5th Cir. 2019) (in deciding whether issue preclusion applied, the Court noted that a dismissal with prejudice under Rule 9(b) "qualifies as actual litigation because dismissal with prejudice is 'a final judgment on the merits'"); *see also U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, No. CIV.A. 01-10583-DPW, 2003 WL 21228801, at *13, n. 16 (D. Mass. May 21, 2003), aff'd, 360 F.3d 220 (1st Cir. 2004) (noting that after the Court dismissed the relator's complaint several times based on insufficient allegations, it was appropriate "to enter final judgment in this litigation with recognition and anticipation that it is on the merits and precludes plaintiffs and his privies from relitigating issues that were or could have been raised in this action").

Thus, dismissal with prejudice under Rule 9(b) alone, as opposed a dismissal under Rule 8 and Rule 9(b), is a distinction without significance here – as long as the dismissal is under Rule 12(b)(6), the dismissal is on the merits unless it states otherwise. *Eiber Radiology, Inc. v. Toshiba*

*Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016). Further, if VirtuOx's position is correct – that a 9(b) dismissal with prejudice is not a decision on the merits – then *res judicata* could not later be applied to such dismissal because it is was not on the merits. Certainly, that is not the case.

The cases relied upon by the Government in its Motion involved decisions on the merits (as they are 12(b)(6) dismissals with prejudice), and *res judicata* would generally apply to any future actions involving the same parties and same causes of action because there was a final judgment on the merits. Although these decisions were on the merits, the Courts did not address the underlying merits of the claims and, therefore, declined to extend the dismissal with prejudice to the government. *See, e.g., Health Mgmt. Assocs. Inc.*, 2014 WL 12616929, at *1 (declining to extend dismissal of relator's complaint with prejudice to the United States because the "reasons for dismissal were unrelated to the merits of the claims"); *see also Bell Helicopter Textron, Inc.*, 417 F.3d at 456 (noting that "the complaint itself was so deficient that the court never reached the merits of the claim"). In sum, although these courts did not reach the merits of the claims, the dismissals are decisions on the merits for purposes of *res judicata*. The same is true here. While the Court's order was "on the merits" (as is any 12(b)(6) dismissal with prejudice), the Court did not reach the underlying merits of Relator's allegations. Rather, the Order only addressed the sufficiency of the allegations.

Moreover, despite VirtuOx's assertion to the contrary, the Government relied on cases that were dismissed with prejudice pursuant to both Rule 8 and Rule 9(b) – the same situation presented here. In *United States ex rel. Mastej v. Health Management Associates, Inc.*, the Court dismissed the relator's Third Amended Complaint "with prejudice for failure to comply with Rules 8(a)(2) and 9(b)." 2014 WL 12616929, at *1. The Court relied on Rule 8 when it ruled that the relator

failed to plead plausible allegations of presentment under the FCA, and that the relator failed to provide any factual support as to an agreement among the defendants to get a false claim paid in relation to the conspiracy claim. *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, No. 2:11-CV-89-FTM-29DNF, 2013 WL 1149255, at *1 and *11 (M.D. Fla. Mar. 19, 2013), *judgment clarified sub nom. USA v. Health Mgmt. Assocs. Inc.*, No. 2:11-CV-89-FTM-29DNF, 2014 WL 12616929 (M.D. Fla. June 10, 2014), and *aff'd in part, rev'd in part and remanded,* 591 F. App'x 693 (11th Cir. 2014). Because the 12(b)(6) motion was granted with prejudice, it was on the merits. Thus, the scenario in *Mastej* is the exact scenario presented here – a dismissal with prejudice of a relator's complaint under Rule 8 and Rule 9(b) on the merits. And in that scenario, the Court declined to extend its ruling to the government after the government requested clarification. *Mastej*, 2014 WL 12616929 at *2 (noting that to hold otherwise would compel the government to intervene in FCA cases in order to fill in the blanks of a defective complaint and protect its rights, and the relator's concern regarding the potential length of the investigation were assuaged by the statute of limitation provisions of the FCA). Likewise, in *United States v. Omnicare, Inc., et al*., 2012 WL 3399789, (D. Md. Aug 14, 2012), the Court granted the defendant's 12(b)(6) motion to dismiss with prejudice because relator failed to plead a facially false statement, failed to identify an obligation to disclose, and failed to plead with particularity under Rule 9(b), thus basing its 12(b)(6) dismissal on Rule 8 and Rule 9(b). With respect to the United States, the Court held that it would be inappropriate to dismiss with prejudice as to the United States considering that "a decision not to intervene may not necessarily be an admission by the United States that it has suffered no injury in fact, but rather the result of a cost-benefit analysis." *Id*. at 15.

VirtuOx asserts that failure to apply a judgment on the merits against the government would create perverse incentives for the government to initially decline intervention and, instead,

see if the relator prevails in advancing her claims before making a definitive intervention decision. Response (ECF 90), at 1. However, the Government is not aware of any relevant decision that has embraced that concern. Instead, courts have expressly rejected that same argument. *Boros v. Health Mgmt. Assocs.*, 2013 WL 12077816, at *2 ("[D]ismissing the case without prejudice as to the United States would not allow the United States a second bite at the apple or create perverse incentives. Rather, it prevents perverse incentives that would arise if the government were forced to intervene in any action in order to avoid forfeiting future claims against a defendant.")

### III. Conclusion

For the reasons discussed herein and in its Motion, the United States requests that the Court enter the proposed order clarifying that the Order Dismissing the Complaint is without prejudice as to the United States.

Dated: October 13, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *s/ Jessica R. Sievert*
Jessica R. Sievert (Fla. Bar No. 55839)
Assistant United States Attorney
United States Attorney's Office
99 N.E. 4th Street, Third Floor
Miami, Florida 33132
Tel.: (305) 961-9426
Tel.: (305) 961-9331
Jessica.Sievert@usdoj.gov
*Attorney for United States of America*