United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America and others, ex rel. Amber Watt, Plaintiffs,<br><br>v.<br><br>VirtuOx, Inc., Defendant. | )<br>)<br>)<br>)  Civil Action No. 19-61084-Civ-Scola<br>)<br>)<br>) |

### Order Clarifying Dismissal

Relator Amber Watt filed this False Claims Act *qui tam* suit on behalf of the United States against VirtuOx, Inc. In her amended complaint, Watt alleged VirtuOx, a Medicare-approved independent diagnostic testing facility, fraudulently billed federal and state payors, including Medicare, for various services and goods related to at-home oxygen testing and treatment. (Am. Compl., ECF No. 41.) Following the Government's election not to intervene (Gov't's Not., ECF No. 49), Watt proceeded with her case on her own and VirtuOx moved to dismiss the complaint (Def.'s Mot., ECF No. 53.) The Court granted VirtuOx's motion, dismissing Watt's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). (Order, ECF No. 82.) Because a complaint dismissed under Rule 12(b)(6) operates as a dismissal on the merits, the Court noted "the dismissal is **with prejudice**." (Order at 17 (emphasis in original).) The Government now asks the Court to clarify its order, specifying that the dismissal is without prejudice as to the United States. (Gov't's Mot. for Clarification, ECF No. 84.) VirtuOx opposes the motion (Def.'s Resp., ECF No. 90) and the Government has timely replied (Gov't's Reply, ECF No. 91). After considering the parties' submissions, the record, and the relevant legal authorities, the Court **grants** the Government's motion (**ECF No. 84**).

In ruling on VirtuOx's motion to dismiss, the Court repeatedly opined that the failures of Watt's complaint lay in the shortcomings of her allegations. Importantly, the Court did not conclude—or even consider whether—it would be impossible for Watt to state a claim: instead, the Court found only that, through her complaint, Watt had simply failed to do so. Accordingly, the Court did not pass on the actual merits of her claims, it merely found that she had not succeeded in *alleging* meritorious claims as required under Rule 12(b)(6). *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) ("The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.") (cleaned up).

And so, when the Court specified the dismissal was "on the merits," it meant only to the extent that the dismissal is with prejudice as to Watt— barring *her* from bringing a subsequent suit. The Court had no intention of binding the Government with respect to Watt's claims when the reason for the dismissal had everything to do with Watt's failure to carry her burden of stating a claim and very little to do with whether VirtuOx may have actually violated any provisions of the False Claims Act. Accordingly, the Court clarifies that its dismissal of Watt's complaint is without prejudice to the United States. *See United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 194 (5th Cir. 2018) ("[T]his court has also found that even when the relator's case loses on a motion to dismiss, the Government should not be bound if the dismissal is for reasons not tied to the underlying legal merit."); *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005) ("[W]e find that the [district court's] dismissal with prejudice as to the United States was unwarranted where, as here, the relator's claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)."[1]) (noting also that a relator whose case is dismissed because he is "unable to effectively litigate," should not serve to "bind the government, via *res judicata,* and prevent it from suing over those concerns at a later date when more information is available").

For the reasons set forth above, then, the Court **grants** the Government's motion for clarification (**ECF No. 84**) and makes it plain: the dismissal in the Court's prior order was a dismissal of Watt's complaint, based on her failure to

---

[1] VirtuOx complains that cases dismissed solely on Rule 9(b) grounds are inapplicable because those dismissals were "not on the merits." (Def.'s Resp. at 10.) This position misses the mark: any Rule 12(b)(6) dismissal, whether on Rule 8 or Rule 9(b) grounds is considered to be "on the merits," unless stated otherwise, for the purposes of claim preclusion. *Davis v. Davis*, 551 Fed. App'x 991, 994 (11th Cir. 2014) ("[A]n order dismissing a claim under Rule 12(b)(6) is a final judgment on the merits for purposes of *res judicata*."); *see Battle v. Nationwide Mut. Fire Ins. Co.*, 2:19-CV-01348-SGC, 2020 WL 978807, at *5 (N.D. Ala. Feb. 28, 2020) ("Failure to plead fraud with the particularity required by Rule 9(b) is grounds for dismissal pursuant to Rule 12(b)(6)."); § 1300 Consequences of Failing to Plead Fraud or Mistake With Particularity, 5A Fed. Prac. & Proc. Civ. § 1300 (4th ed.) ("Since Federal Rule of Civil Procedure 9(b) does not expressly authorize a motion for its enforcement, a challenge to a pleading based on insufficient particularization of the circumstances of an alleged fraud typically is asserted within a motion to dismiss (Federal Rule of Civil Procedure 12(b)(6)) or a motion to strike (Rule 12(f)), with some courts entertaining a motion for a more definite statement (Rule 12(e)) to raise the defect.").

state a claim, and is without prejudice as to the Government.

**Done and ordered** in Miami, Florida on December 21, 2021.

_____
Robert N. Scola, Jr.
United States District Judge